IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EPSILON ENERGY USA, INC., | : | |
| Plaintiff, | : | |
| v. | : | NO. 3:22-cv-00679 |
| CHESAPEAKE APPALACHIA, L.L.C., | : | MAGISTRATE JUDGE SAPORITO |
| Defendant. | : | |

**CHESAPEAKE APPALACHIA, L.L.C.'s MOTION TO STAY PENDING RESOLUTION OF APPEALS BEFORE THE <u>UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT</u>**

Defendant Chesapeake Appalachia, L.L.C., hereby moves this Court for a stay of the above-captioned action pending resolution of contract interpretation and jurisdictional issues on appeal by Epsilon Energy USA, Inc. ("Epsilon") and Chesapeake Appalachia, L.L.C. ("Chesapeake") before the United States Court of Appeals for the Third Circuit and, in support thereof, avers as follows:

1. Epsilon and Chesapeake have a protracted and complex history of litigation grounded in the contractual rights and requirements of multiple Joint Operating Agreements (the "JOAs").

2. Beginning in September 2018, Epsilon filed suit against Chesapeake. *See Epsilon Energy USA, Inc. v. Chesapeake Appalachia, L.L.C.,* No. 3:18-CV-1852 (M.D. Pa. Sept. 20, 2018) ("*Epsilon I*"). *Epsilon I* resulted in an October 8,

2018 Settlement Agreement (the "2018 Settlement Agreement"). (*See, e.g., Epsilon I* Compl. (ECF 1) at ¶ 37; Exhibit 5, 2018 Settlement Agreement.)

3. Thereafter, Epsilon commenced an action against Chesapeake on March 10, 2021, purporting to seek, *inter alia*, declaratory and injunctive relief based upon alleged contractual rights under the JOAs and 2018 Settlement Agreement. *See Epsilon Energy USA, Inc. v. Chesapeake Appalachia, L.L.C.*, No. 1:21-cv-433 (M.D. Pa. March 10, 2021) ("*Epsilon II*"). (*See Epsilon II* Compl. (ECF 1) at ¶¶ 11-33, 37, 42-45, 47, 54-55, 105-111, 113-118, 120-125, 127-135, 137-142, 144-148.) Due to a violation of the Confirmation Order and discharge injunction from the United States Bankruptcy Court for the Southern District of Texas, Epsilon was ordered to dismiss *Epsilon II*. (*See Epsilon II* (ECF 30, 30-1 and 33).)

4. Epsilon then filed its third piece of litigation against Chesapeake on April 9, 2011, asserting claims for, *inter alia*, declaratory and injunctive relief purportedly based upon the JOAs and 2018 Settlement Agreement. *See Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC,* 1:21-CV-658 (M.D. Pa. April 9, 2021) ("*Epsilon III*"). (*See Epsilon III* Compl. (ECF 1) at ¶¶ 11-33, 37, 42-45, 47, 56-57, 109-117, 119-129, 131-145, 147-150.) *Epsilon III* involved a two-day injunction hearing before this Court in May 2021 which resulted in a denial of Epsilon's request for a preliminary injunction. (*See Epsilon III* (ECF 89).)

Thereafter, this Court dismissed Epsilon's Amended Complaint. (*See Epsilon III* (ECF 121).)

5. Epsilon filed an appeal of *Epsilon III* and Chesapeake filed a cross-appeal before the United States Court of Appeals for the Third Circuit (the "Third Circuit"). (*See Epsilon III* (ECF 135, 138); *see also Epsilon Energy USA, Inc. v. Chesapeake Appalachia, L.L.C.,* Nos. 22-1280 and 22-1376 (3d Cir.).)

6. After the Parties filed their respective appeals with the Third Circuit related to *Epsilon III*, on May 9, 2022, Epsilon filed a nearly identical declaratory judgment action against Chesapeake related to the same JOAs and the same 2018 Settlement Agreement in an obvious effort to usurp the province of the Third Circuit. *See Epsilon Energy USA, Inc. v. Chesapeake Appalachia, L.L.C.*, 3:22-cv-679 (M.D. Pa. May 9, 2022) ("*Epsilon IV*"). (*See also Epsilon IV* Compl. (ECF 1) at ¶¶ 11-32, 37-39, 44-49, 88-96, 98-103.)

7. Epsilon's requests for relief related to the JOAs and the 2018 Settlement Agreement in *Epsilon III* and *Epsilon IV* overlap in substance when viewed side-by-side:[1]

---

[1] Additionally, Epsilon's claims for specific performance in *Epsilon III* overlap with its claims in *Epsilon IV* as they relate to Epsilon's request for Chesapeake to withdraw its appeal, and refrain from appealing or contesting, Epsilon's permitting activity before the Pennsylvania Department of Environmental Protection and to otherwise reasonably cooperate with Epsilon. (*See, e.g., Epsilon III* Am. Compl. (ECF 104) at Count II-III WHEREFORE and *Epsilon IV* Compl. (ECF 1) at Count II WHEREFORE.)

| *Epsilon III* – Amended Complaint | *Epsilon IV* - Complaint |
|---|---|
| **Count I – Declaratory Judgment (Epsilon's Right to Drill the Proposed Wells)**<br><br>Wherefore, Epsilon asks the Court to enter a judgment in its favor declaring that, if CHK elects not to participate in a new well proposed by Epsilon and declines to serve as the operator, then:<br><br>1. Epsilon (or another consenting party) has the right to drill and operate the proposed new well;<br>2. CHK has an obligation to allow Epsilon (or another consenting party) to access the jointly-owned assets in order to do so, including taking any actions required to facilitate such access;<br>3. The permit evidencing the right to withdraw water from Wyalusing Creek, the Craige Well Pad, and the Marbaker Impoundment are co-owned assets that Epsilon is entitled to utilize to drill such a proposed new well; and<br>4. CHK must otherwise cooperate with the operator designated by the consenting parties to facilitate those drilling operations. | **Count I – Declaratory Judgment (JOAs and Settlement Agreement)**<br><br>Wherefore, Epsilon asks the Court to enter a judgment in its favor declaring that, if CHK elects not to participate in a new well proposed by Epsilon and declines to serve as the Operator for that well, then:<br><br>1. Epsilon has the right to cause that new well to be drilled and placed into production;<br>2. Epsilon (or one of the other consenting parties) can be designated to serve as Operator for the purpose of drilling and completing the new well;<br>3. CHK has an obligation to allow Epsilon (or another consenting party designated to serve as Operator) to access all jointly-owned assets in order to drill and complete that proposed new well, including taking any actions required to facilitate such access;<br>4. CHK must cooperate with Epsilon (or another consenting party designated to serve as Operator) to obtain any permits needed to drill and complete that well, including any permits issued by the PaDEP; and<br>5. CHK must otherwise reasonably cooperate with Epsilon (or another consenting party designated to serve as Operator) to facilitate the drilling and completion of that new well. |

8.     Further, the Third Circuit is currently presiding over two appeals involving the same Parties and same contract interpretation issues related to the same JOAs and 2018 Settlement Agreement put at issue, again, by Epsilon in *Epsilon IV*. (*See Epsilon Energy USA, Inc. v. Chesapeake Appalachia, L.L.C.*, Nos. 22-1280 and 22-1376 (3d Cir.) ("*Third Circuit Appeals*"); *see also* Concise Summaries of the Case at Doc. Nos. 9-1 and 14-1 identifying the JOAs and 2018 Settlement Agreement.)

9.     For example, Epsilon's appeal to the Third Circuit seeks appellate review of the District Court's decision dismissing *Epsilon III* "based on a misinterpretation of the JOA[s]." (*See, e.g., Third Circuit Appeals* Doc. No. 9-1.) Also, in its cross-appeal, Chesapeake seeks review of the District Court's interpretation of the JOAs' operator shifting provision in Article VI.2(a) which addresses whether Epsilon can appoint itself or its affiliate "Operator" without the consent or participation of any other JOA Party. (*Id.* at Doc. No. 14-1.) This latter issue is directly put at issue by Epsilon in *Epsilon IV*. (*See, e.g., Epsilon IV* Compl. (ECF 1) at ¶ 89 alleging "if CHK elects not to participate in a Well Proposal that Epsilon has issued to drill a new well, the JOAs authorize the consenting parties to appoint one of those consenting parties to serve as Operator to drill the well;" Count II WHEREFORE at ¶ 2 requesting a declaration that

"Epsilon (or one of the other consenting parties) can be designated to serve as Operator for the purposes of drilling and completing the new well.")

10. Further, Epsilon failed, again, to name the other parties to the JOAs whose contractual rights are at stake. (*See generally* Compl. (ECF 1).) On this point, the Third Circuit will also address Epsilon's failure to join the necessary and indispensable parties to the JOAs in *Epsilon III* which, if joined, divest the District Court of subject-matter jurisdiction since one of the absent JOA parties shares Texas citizenship with Epsilon. (*See Third Circuit Appeals* Doc No. 14-1.)

11. On June 9, 2022, the Parties participated in a mediation before the Third Circuit which did not result in a resolution. Therefore, it is anticipated that the Third Circuit will issue a briefing schedule forthwith.

12. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Cheyney State College Faculty v. Hufstedler,* 703 F.2d 732, 737-38 (3d Cir. 1983) (quoting *Landis v. North Am. Co.,* 299 U.S. 248, 254-55 (1936)).

13. Given the judicial resources that have been expended on this long running dispute between the Parties, and given the pendency of the Parties' appeals before the Third Circuit, Chesapeake respectfully requests this Court stay *Epsilon IV* pending resolution of the appeals before the Third Circuit. *See, e.g., Cliffstar*

*Corp. v. Ajinomoto Co., Inc.,* CIVIL ACTION NO. 09-CV-03867, 2010 WL 11710671, *2-3 (E.D. Pa. Nov. 10, 2010) (granting stay of district court proceedings pending resolution of similar case before the Third Circuit where the interests of fairness and judicial economy are served by waiting to see how the Third Circuit decides issues also present before the district court.)

14. If this Court grants the requested relief herein, once the Third Circuit renders a decision in the appeals, the Parties can promptly move this Court for entry of a case management schedule, including a date by which Chesapeake can answer, move or otherwise respond to the Complaint in this matter.

15. Counsel for Epsilon, Gregory J. Krock, Esquire, does not concur in the relief requested by this Motion.

16. Chesapeake submits that the requested stay will simplify issues related to the contracts between the Parties and promote judicial economy and efficiency.

17. In support of this Motion, Chesapeake relies on its supporting memorandum of law which will be filed within fourteen (14) days pursuant to Rule 7.5 of the Local Rules of Court.

WHEREFORE, Defendant Chesapeake Appalachia, L.L.C. respectfully requests this Court to stay this proceeding in the matters docketed to *Epsilon Energy USA, Inc. v. Chesapeake Appalachia, L.L.C.*, Nos. 22-1280 and 22-1376 (3d Cir.) until a decision is rendered by the United States Court of Appeals for the Third Circuit.

                                           Respectfully submitted:

                                           /s/ Nicholas F. Kravitz
                                           Daniel T. Brier
                                           John B. Dempsey
                                           Nicholas F. Kravitz
                                           Richard L. Armezzani

Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA  18503
(570) 342-6100

                                           Attorneys for Defendant, Chesapeake
                                           Appalachia, L.L.C

Date:  June 10, 2022

## **CERTIFICATE OF NONCONCURRENCE**

I, Nicholas F. Kravitz, hereby certify that I sought the concurrence of counsel for Epsilon Energy USA, Inc., Gregory J. Krock, Esquire, in this Motion. Mr. Krock does not concur in this Motion.

/s/ Nicholas F. Kravitz
Nicholas F. Kravitz

Date:  June 10, 2022

## **CERTIFICATE OF SERVICE**

I, Nicholas F. Kravitz, hereby certify that a true and correct copy of the foregoing Motion for Stay was served upon the following counsel of record via the Court's ECF system on this 10th day of June 2022:

>Gregory J. Krock, Esquire
>McGuireWoods LLP
>Tower Two-Sixty
>260 Forbes Avenue, Suite 1800
>Pittsburgh, PA  15222
>
>Elizabeth M. Thomas, Esquire
>McGuireWoods LLP
>Fifth Third Center
>201 North Tyron Street, Suite 3000
>Charlotte, NC 28202-2146
>
>Johnathan T. Blank, Esquire
>McGuireWoods LLP
>323 Second Street SE, Suite 700
>Charlottesville, VA 22902

>/s/ Nicholas F. Kravitz
>Nicholas F. Kravitz